UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cr-26 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| LAWRENCE J. MAJEWSKI, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME (DOC. 8) AND DEFENDANT'S MOTION TO CONTINUE (DOC. 9)**

This criminal case is before the Court on Defendant's Motion requesting a thirty-day extension of the discovery deadline (Doc. 8) and Defendant's Motion requesting a continuance of trial (Doc. 9). Defendant seeks the requested extension and continuance because the Government produced voluminous discovery that will require considerable time for Counsel to review. Further, Counsel for Defendant is currently seeking additional documents to assist in the preparation of Defendant's case. The Government does not oppose Defendant's Motions.

The Court held a status conference on the Motion on March 27, 2011, and Attorneys Dwight Keller and Nicholas Gounaris participated. During the status conference, Counsel confirmed that the requested extension will necessitate a continuance of all the dates set forth in the Court's previously entered Calendar Order. (Doc. 7). For good cause shown, Defendant's Motions (Docs. 8, 9) are **GRANTED**. Trial set for May 14, 2012 is hereby **VACATED** and is **RESET** for July 23, 2012. The Court will enter an amended calendar order by separate docket entry.

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), that the ends of justice are served by granting Defendant's requested continuance, and that granting Defendant's requested continuance outweighs the best interest of the public and the Defendant in a speedy trial. The Court makes this ends of justice finding because, in light of Defense Counsel's need to adequately review the voluminous discovery and to secure any other documentation needed to prepare a defense, denying the requested continuance would, taking into account the exercise of due diligence, "result in a miscarriage of justice" and would deprive "counsel for defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(I) & (iv).

Accordingly, the time between March 23, 2012 and July 23, 2012, shall be excluded in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendant to trial.

**IT IS SO ORDERED.**

Date: 4/9/12

Timothy S. Black
United States District Judge